IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

IGNATIUS BENJAMIN UDEZE EZENWA )
    PETITIONER, )
                                    ) Crim No: 17-cr-0280
                                    ) USM: 75989-054
v                                   )
                                    ) MOTION TO RETURN SEIZED PROPERTY
UNITED STATES OF AMERICA, ) PURSUANT TO FED R CRIM P 41 (g)
    RESPONDENT. )

*[Handwritten annotation: "Motion DENIED for the reasons stated in the government's letter of December 16, 2022 (Doc 141) and Exhibit A thereto. SO ORDERED" signed /s/ USDJ 12-16-22]*

NOW COMES IGNATIUS BENJAMIN UDEZE EZENWA, petitioner is pro se, in necessity, pursuant to Haines v Kerner, 404 US 519-520 ... (1972), humbly and respectfully moves this Honorable Court, for the return of his seized property, pursuant to Federal Rule of Criminal Procedure 41(g), to wit: [2] two passports.

## LEGAL ANALYSIS

Fed R Crim P 41(g), provides that "a person aggrieved" by the federal seizure and subsequent depravation of property, may move for [its] return. Federal Rule of Criminal Procedure.

Petitioner in this action, is entitled to the return of his seized property.

This filing is in light of Fed R Crim P 41(g).

## GENERAL PRINCIPLES

As a general rule, the United States properly may retain ... seized property, during the pendency of ... [a]n investigation of a defendant through completion of the criminal case against him. See United States v Bowler, 372 F3d 365, 367 (6th Cir 2004)(citing "once the Government's need for (seized property) has ended," the District Court has the jurisdiction to determine whether it should be returned to it's owner). Also see United States v Hess 982 F2d 181, 186 (6th Cir 1992)(indicating "seized property, other than contraband should be returned to it's rightful owner, once the criminal proceeding have been terminated).

Petitioner argues, that the party bearing the burden of ... proof on a Rule 41(g) motion, depends on when the motion is filed.

Before [a]n indictment is filed, or when a criminal investigation is pending, the Petitioner bears the burden of proving in fact[s], that they are entitled to lawful possession of the property. See United States v Gladding, 775 F3d 1149, 1152 (9th Cir 2014).

Petitioner argues, that the burden of proof changes, "when the property in question is no longer needed for evidentiary ... purpose[s]," because "the Government has abandoned it's investigation." Id (quoting United States v Martinson, 809 F2d 1364, 1369 (9th Cir 1987); United States v Jones, 42 F Supp 2d 618, 620

(WD NC 1999)("a Rule 41(g) motion is properly granted, if the Government is no longer needs the seized property as evidence.").

Then the Petitioner is presumed to have a right to the property's return, and the Government has the burden of demonstrating that it has a legitimate reason to retain the property, which in this case at bar, it does not. See Gladding, 775 F3d at 1152 ... (quoting Martinson, 809 F2d at 1369).

Petitioner argues, the simplest way for the Government too carry out this burden, it to prove the property is contraband, which in this instance it is not. They should have evidence too support such a claim.

When there is a factual dispute over what constitutes contraband for the purposes of a motion under Fed R Crim P 41(g), the court acts a fact finder. See Mohmmad v United States, 95 F Supp 2d 236, 239 (D NJ 2000)("the court must determine whether [a]ny of the items are subject to forfeiture or are contraband).

Lastly, courts faced with a Rule 41(g) motion, have adopted a [4] four factor test (herein called the "Richey Factors") ... seeking to balance: [1] whether the Government displayed a callous disregard for the constitutional rights of the claimant; [2] whether the claimant has [a]n individual interest in and need for the property he wants returned' [3] whether the claimant would be irreparably injured by denying the return of the property; and [4] whether the claimant has [a]n adequate remedy at law for the redress of his grievance. See Ramsden, 2Fd at 325 (citing

Richey v Smith, 515 F2d 1239, 1243 (5th Cir 1975).

Petitioner argues that the statute of limitation for filing a Rule 41(g) motion for return of seized property, is [6] six ... years from the date the Defendant was on reasonable notice about the forfeiture. See United States v Albinson, 356 F3d 278 (3rd Cir 2004).

Petitioner is within the statute of limitation in this filing, and requests the return of his seized property.

## CONCLUSION

Pursuant to Federal Rules of Criminal Procedure, 41(g), the Petitioner in this action, IGNATIUS BENJAMIN UDEZE EZENWA, moves for this Honorable Court to Grant this motion, and return his seized property, that is currently in the possession of the United States Government, to wit: [2] two passports.

Respectfully submitted on this 25th day of August 2022.

/s/ _____

IGNATIUS BENJAMIN UDEZE EZENWA
FCI Ray Brook
PO Box 900
Ray Brook, NY  12977

## CERTIFICATE OF SERVICE

I, IGNATIUS BENJAMIN UDEZE EZENWA, hereby certify that I have served a true and correct copy of the following instrument, on this 25th day of August 2022, via US First Class Mail, Postage Postage Pre-Paid and mailed to: Clerk, US District Court, 500 Pearl Street, New York, NY 10007.

Executed under the pains and penalties of perjury, pursuant to 28 USC 1746.

/s/ _____
IGNATIUS BENJAMIN UDEZE EZENWA

August 25, 2022

Clerk, US District Court
500 Pearl Street
New York, NY  10007

    Re:  United States v Ignatius Benjamin Udeze Ezenwa
         Crim No:  17-cr-0280
         USM No: #75989-054

    Subj:  Filing of Motion

Dear Clerk:

Please find enclosed for filing, a motion for the return of seized property, pursuant to Fed R Crim P 41(g), along with Certificate of Service.

As a professional courtesy, would you please forward me a copy of this filing, along with a current docket/text sheet, to reflect the actual filing of such, and I do not have access to a xerox copier at this facility.  It has been broken for months..

Thank you for these consideration, as well as your professionalism.  May you have a blessed day.

Sincerely,

/s/ _____

IGNATIUS BENJAMIN UDEZE EZENWA
FCI Ray Brook
PO Box 900
Ray Brook, NY  12977

Register Number: IGNATIUS BENJAMIN UDEZE EZENWA, #75989-054
Federal Correctional Institution Ray Brook
P.O. Box 900
Ray Brook, New York 12977

ALBANY NY 120
25 AUG 2022 PM 1:L

U.S.A.E
S.D.N.Y.

Crim-Dkt
EN

Clerk, US District Court
Daniel Patrick Moynihan Fed Bldg
500 Pearl Street
New York, NY 10007

RECEIVED
AUG 29 2022
CLERK'S OFFICE
S.D.N.Y.

10007-131508