UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                 17-cr-280 (PKC)

      -against-                                                       ORDER

IGNATIUS BENJAMIN EZENWA UDEZE,

                Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Ignatius Benjamin Ezenwa Udeze filed a pro se motion for a sentence reduction pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). (ECF 131.) He was sentenced principally to a term of 84 months imprisonment, a sentence substantially below the advisory Guidelines Range of 168 to 210 months imprisonment. Udeze asserts that, in combination, the health risks he faces due to the COVID-19 pandemic because of his obesity, the difficult conditions of confinement during the pandemic, his rehabilitation, his family circumstances and his status as a non-citizen, including the resulting ineligibility for certain Bureau of Prisons ("BOP") programs, are extraordinary and compelling reasons for a sentence reduction. (Id. at 1-2.) The government opposes his application. (Doc 135.) For the reasons described below, Udeze's motion will be denied.

LEGAL STANDARD

        Upon motion of the Director of the BOP or a defendant who has exhausted all administrative remedies, a court "may reduce" the defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction." See 18 U.S.C. §

1

3582(c)(1)(A)(i).  The court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable" and must find that the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission is required by statute to promulgate "general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) . . . [that] describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t); United States v. Brooker, 976 F.3d 228, 232 (2d Cir. 2020).  The Sentencing Commission has promulgated Guideline § 1B1.13, which applies only to motions made by the BOP – not to motions brought by defendants.  Brooker, 976 F.3d at 232, 235-36; U.S.S.G. § 1B1.13.

Accordingly, "[w]hen the BOP fails to act, Congress made the courts the decision maker as to compassionate release."  Brooker, 976 F.3d at 236.  District courts have "broad discretion" when considering compassionate release motions brought by defendants and are free to "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them."  United States v. Amato, 48 F.4th 61, 65-66 (2d Cir. 2022); Brooker, 976 F.3d at 236-37.  "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason'" for sentence reduction.  Brooker, 976 F.3d at 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis in original) (alteration in original).

Even upon a defendant's motion, however, district courts may still look to § 1B1.13 for guidance in exercising their discretion.  See, e.g., United States v. Rodriguez, No. 16-cr-07, 2020 WL 7640539, at *3 (S.D.N.Y. Dec. 23, 2020); United States v. Burman, No. 16

Cr. 190, 2021 WL 681401, at *3, 5 (S.D.N.Y. Feb. 21, 2021).  Guideline § 1B1.13 states that a court may reduce a defendant's term of imprisonment if it determines that (1) extraordinary and compelling reasons warrant the reduction, (2) the defendant is not a danger to the safety of any other person or to the community, and (3) the reduction is consistent with policy statement in § 1B1.13.  U.S.S.G. § 1B1.13.  Extraordinary and compelling reasons exist, for example, when the defendant is suffering from a "serious physical or medical condition" or "deteriorating physical . . . health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id. n.1(A).

Under section 3582(c)(1)(A), extraordinary and compelling reasons are "necessary—but not sufficient—for a defendant to obtain relief."  United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021).  The court must also consider the applicable section 3553(a) factors, such as the nature and circumstances of the offense, the purposes of the punishment, and the Guideline sentencing range, before granting compassionate release.  In other words, the section 3553(a) factors are "an alternative and independent basis for denial of compassionate release."  Id. (quoting United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021)); see also United States v. Yancy et al., 20-Cr-4096, 2022 WL 6585231, at *2 (2d Cir. Oct. 7, 2022) ("[T]he district court did not abuse its discretion in independently finding that the Section 3553(a) factors weighed against [the defendant's] release.").  Accordingly, a court may deny a defendant's motion "if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override . . . what would otherwise be extraordinary and compelling circumstances."  United States v. Israel, 05-Cr-1039, 2019 WL 6702522, at *2 (S.D.N.Y. Dec. 9, 2019).

DISCUSSION

      A.    <u>Udeze Has Exhausted His Administrative Remedies.</u>

Udeze sought a "Compassionate Release/Reduction in Sentence" from the Warden of FCI Ray-Brook. (ECF 131 at 1, 7.) The Warden denied his request on December 20, 2021. (<u>Id</u>.) Thus, Udeze has exhausted his administrative remedies.

      B.    <u>None of the Factors Alone or in Combination Amount to Extraordinary and Compelling Reasons for a Sentence Reduction.</u>

The risks posed to Udeze by COVID-19 do not qualify as extraordinary and compelling circumstances warranting relief, whether considered alone or in combination with other factors. Udeze is obese and, according to the CDC, obesity "can make you more likely to get very sick from COVID-19."[1] According to the BOP, there are no staff or inmates who are presently positive for COVID-19 at FCI Ray-Brook.[2] Udeze received two doses of the Moderna vaccine in 2021. (ECF 135, Ex. A at 50.) Courts have recognized that "the risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated." <u>United States v. Jones</u>, 17-Cr-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.); <u>see also</u> <u>United States v. Serrano</u>, 15-Cr-608, 20-Civ-9887, 2022 WL 1443688, at *14 (S.D.N.Y. May 6, 2022) ("[The defendant's] vaccinated status mitigates, though it does not reduce entirely, his risk of contracting the COVID-19 virus and having serious medical conditions, and it counsels against a finding of "extraordinary and compelling reasons."); <u>see also</u> <u>United States v. Hernandez</u>, 19-Cr-360, 2023 WL 371403, at *3 (S.D.N.Y. Jan. 24, 2023);

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html#:~:text=Like%20adults%2C%20children%20with%20obesity,very%20sick%20from%20COVID%2D19. (last accessed Mar. 2, 2023.)
[2] https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed Mar. 2, 2023.)

United States v. Fox, 22-Cr-10, 2023 WL 379539, at *1 (2d Cir. 2023) (district courts may weigh the "impact of the BOP's ability to manage the pandemic and the increasing vaccine supply") (summary order).

Udeze's immigration status and the fact there is a detainer lodged against him by the Immigration and Customs Enforcement does not alter the mix. "Courts, both in this District and elsewhere, have not found that an ICE detainer, without additional preexisting, high-risk heath conditions, constitutes an extraordinary and compelling reason for release." United States v. Nawaz, 16-Cr-431, 2020 WL 7773478, at *3 (S.D.N.Y. Dec. 30, 2020) (collecting cases), reconsideration denied, 2021 WL 664128 (S.D.N.Y. Feb. 19, 2021). His ineligibility for certain BOP programs and early release because of his immigration status is neither extraordinary nor compelling either alone or in combination with other factors. It is the ordinary and customary implementation of BOP policy.

Udeze also points to the difficulties in his conditions of confinement caused by preventative measures taken during the height of the pandemic, including quarantine lockdowns and "months without sunshine, or even fresh air. . . ." (ECF 131 at 3.) Though the individualized experiences of an inmate during pandemic conditions may support a finding of extraordinary and compelling circumstances, see, e.g., United States v. Londono, 05-Cr-495, 2022 WL 17905065, at *2 (S.D.N.Y. Dec. 23, 2022) (Koeltl, J.), "difficult—but generalized—prison conditions during the COVID-19 pandemic" typically do not, United States v. Sanchez, 01-Cr-74, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022) (Crotty, J.). Udeze has not pointed to conditions of confinement that, individually or in combination, warrant relief under section 3582(c).

While the Court acknowledges that rehabilitation may be considered in combination with other factors, Udeze does not explain what rehabilitative efforts he has made while imprisoned. The Court's examination of records reveal that he has participated in a number of BOP education courses and his minimal prison disciplinary record.[3]  (ECF 144 at 8.)

Udeze's family circumstances played a prominent role in the sentencing considerations urged by his lawyer and by Udeze himself.  (May 2, 2019 Tr at 6-8, 12-13.)  The Court took them into account in fashioning a below Guidelines sentence.  (Id. at 17-18 ("Mr. Udeze has four children, as has been discussed, three of whom are quite young and are dependent upon him. . . . [O]n a human level, I have compassion for a person whose crime takes him so far away from his family and his community and that any jail sentence he serves is more difficult than would be served by another person because there won't be the ready opportunities for family visitation.").)

None of the circumstances on which Udeze relies alone or in combination with each other amount to an extraordinary and compelling circumstance warranting a sentence reduction.

C.  The Section 3553(a) Factors Counsel Against a Sentencing Reduction.

Separately, the section 3553(a) factors counsel against a sentence reduction. Udeze was a member of a drug trafficking organization operating in Uganda and Kenya.  Udeze and his co-conspirators conspired to produce methamphetamine in Uganda for import into the United States and to transport heroin from Uganda to New York.  (PSR ¶¶ 11-20.)  His conduct was well described by the Court at the time of sentencing:

---

[3] A document titled "Summary Reentry Plan – Progress Report" states that since Udeze's arrival to FCI Ray Book "he has not enrolled in or completed any educational programs."  (ECF 144 at 8.)  However, the report does reflect that Udeze completed certain "Education Courses."  (Id.)

> The nature and circumstances of the crime are fairly well known to me at this stage, having presided over the case against co-defendants as well, but there was a meeting between Mr. Udeze and others with a confidential source in Nairobi and Mr. Udeze introduced himself as a member of a drug trafficking organization involved in the trafficking of methamphetamine and other drugs from Africa to China, Japan, and other countries in Southeast Asia. And they discussed the building of a methamphetamine lab and in a subsequent meeting they discussed a transaction in which a private plane would transport heroin, provided by the drug trafficking organization, which would be flown to the United States.
>
> Mr. Onyegbule and Mr. Udeze said that they could provide 50 to 60 kilograms of their own heroin as well as the additional 350 kilograms for the confidential sources to purchase from the drug trafficking organization, all of which would be transported by the private plane to New York for resale to the confidential source's customers. There were a series of meetings that Mr. Udeze participated in and at one point the confidential sources confirmed that they were prepared to provide $3 million as payment for the so-called private plane transaction and they agreed to meet in Nairobi, Kenya, to finalize the deal and it was the plan of Mr. Udeze and at least Mr. Onyegbule to not go through with the private plane transaction but, instead, planned to steal $3 million from the confidential sources. There is no dispute, in fact the plea agreement supports that the offense involved seven kilograms of heroin and 45 kilograms of methamphetamine, meaning that that was the quantity that Mr. Udeze is responsible for.

(May 2, 2019 Tr. at 16-17.) The Court emphasized the potential harm presented by his conduct and the greed that motivated the crime:

> [T]he drugs that were to be imported into the United States ruin families and ruin lives. They destroy lives, they destroy health, they promote other crimes. They will result in addiction that takes mothers and fathers away from children and this, it appears to me, was viewed as a financial matter, something in which there was absolutely no regard given to the people who would consume the drugs. It was a way to make money.

(Id. at 18.)

The nature and circumstances of the crime, the seriousness of the offense, the need for just punishment, to promote respect for the law and to afford adequate deterrence to criminal conduct, all counsel strongly against a reduction of Udeze's below Guidelines sentence.

7

CONCLUSION

The motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED. Udeze's application for the appointment of counsel is DENIED as moot. The Clerk is respectfully directed to terminate the motion. (ECF 131.) Letter motions (ECF 139 & 143) should also be terminated.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 3, 2023


Mailed to: Ignatius Benjamin Ezenwa Udeze, #75989-054, FCI Ray Brook, 128 Ray Brook Road, Ray Brook, NY  12977